NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JORGE LUIS ALVAREZ-ADALGUIZA, | No. 07-72790 |
| Petitioner, | Agency No. A073-854-628 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 11, 2010**

Before:     BEEZER, TROTT, and BYBEE, Circuit Judges.

    Jorge Luis Alvarez-Adalguiza, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's decision denying his application for protection under the

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    **    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

KAD/Research

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review factual findings for substantial evidence, *Husyev v. Mukasey*, 528 F.3d 1172, 1177 (9th Cir. 2008), and legal questions and due process claims de novo, *Kankamalage v. INS*, 335 F.3d 858, 861-62 (9th Cir. 2003); *Ngongo v. Ashcroft*, 397 F.3d 821, 823 (9th Cir. 2005). We deny the petition for review.

Substantial evidence supports the agency's denial of CAT relief based on its findings that Alvarez-Adalguiza was never physically harmed and he did not establish a likelihood of torture by, at the instigation of, or with the consent or acquiescence of the Guatemalan government. *See Zheng v. Ashcroft*, 332 F.3d 1186, 1194 (9th Cir. 2003).

We reject Alvarez-Adalguiza's contention that transcript provided by the agency violated Federal Rule of Appellate Procedure 17, and that his case should be remanded to allow him to testify again. Although the transcript contains the word "indiscernible" in several places, Alvarez-Adalguiza does not identify specific inaccuracies in the transcript indicating the agency misunderstood his claim. *See Singh v. Ashcroft*, 367 F.3d 1139, 1143 (9th Cir. 2004). Furthermore, we find no errors amounting to a due process violation. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to establish a due process violation).

**PETITION FOR REVIEW DENIED.**